UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOMOBILE MECHANICS LOCAL 701, ) <br> WELFARE AND PENSION FUNDS, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> VANGUARD CAR RENTAL USA, INC., ) <br>  ) <br>  ) <br> Defendant. ) | 06 C 1719 <br><br> Honorable Charles R. Norgle |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is the Complaint in this action. Attached to the Complaint is a collective bargaining agreement between the parties that includes a provision for arbitration. For the following reasons, the court, *sua sponte*, dismisses the Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

**I. INTRODUCTION**

**A. Facts**

This case arises out of the interpretation of a Collective Bargaining Agreement ("CBA") between Plaintiffs Automobile Mechanics Local 701 Welfare and Pension Funds (the "Union") and Defendant Vanguard Car Rental USA, Inc. ("Vanguard"). This pension fund was established pursuant to the CBA, and is maintained and administered in accordance with the National Labor Relations Act ("NLRA").

On June 23, 2003, Vanguard and the Union entered into a CBA with mandated periodic

1

contributions of $124.00 to the fund on behalf of Vanguard's employees for welfare benefits, and $48 for pension contributions. Under the terms of the CBA, Vanguard is required to make contributions to the fund on behalf of its employees, and when given reasonable notice, must submit all necessary books and records to the Union and its accountant in order to determine whether Vanguard is complying with its obligations under the agreement. Additionally, Article 18 of the CBA contains the follow arbitration provision:

### ARBITRATION

<u>Section 1.</u> Any grievance which remains unsettled after having been fully processed pursuant to the first three steps in the grievance procedure, as set forth in Article 17, may be submitted to arbitration upon written request of either the Union or the Company to the other provided however, that such request is delivered by the requesting party within 10 (ten) calendar days after receipt by the Union of the final decision of the Company.

Compl., Ex. 1, at 20.

The Union claims that during the term of the CBA, Vanguard had made its weekly payments for each employee as mandated under the agreement. Then, after the initial CBA expired on April 25, 2004, the parties entered into two different Extension Agreements. On March 26, 2004, the parties entered into an agreement which extended the CBA until October 31, 2004. The second Extension Agreement extended the CBA through January 2, 2005. No other extension agreements have been entered into between the parties. As a result, Vanguard and the Union have operated under the terms of the expired CBA.

Plaintiffs allege that starting on August 1, 2005, and continuing through the filing of this suit, Vanguard has failed to make "some contributions from time to time" as required under the CBA. However, Vanguard alleges that on August 1, 2005, the Union raised the rate of the

2

pension and welfare contributions beyond the rates specified in the CBA. Prior to August 1, Vanguard paid $124 per month for welfare benefits, and $48 for pension contributions. After August 1, Vanguard claims that Plaintiffs raised the contribution amounts to $155 and $59, respectively.

## B. Procedural History

On March 29, 2006, Plaintiffs filed their Complaint seeking an audit of Vanguard's books, under Section 502 of the Employee Retirement Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145. On June 28, 2006, Vanguard filed its Motion for Summary Judgment. The Plaintiffs Responded on August 11, 2006, and Vanguard filed its Reply on September 8, 2006. That motion is currently is fully briefed and the court has taken it under advisement.

## II. DISCUSSION

## A. Standard of Review

Under Federal Rule of Procedure 12(b)(3), a case may be dismissed for lack of proper venue. Where parties to a contract have agreed to arbitrate disputes arising from that contract, dismissal pursuant to Rule 12(b)(3) is appropriate. See Metro. Life Ins. Co. v. O'Malley, 392 F. Supp. 2d 1042 (N.D. Ill. 2005); see also Cont'l Ins. Co. v. M/V Orsula, 354 F.3d 603, 606-07 (7th Cir. 2003) ("A lack of venue challenge, based upon a forum selection clause, is appropriately brought as a Rule 12(b)(3) motion to dismiss."); Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 733 (7th Cir. 2005) ("We have held dismissal [where both parties to a contract have agreed to arbitrate disputes] to be appropriate, and, when the question has arisen, we have held that such dismissal properly is requested under Rule 12(b)(3).") (citations omitted).

3

## B. Plaintiff's Cause of Action

### *1. Arbitration in the federal courts*

District courts are constantly reminded that there is a "national policy favoring arbitration." Buckeye Check Cashing, Inc. v. Cardegna, 126 S. Ct. 1204, 1207 (2006). Additionally, the court notes that "parties that opt for arbitration trade the formalities of the judicial process for the expertise and expedition associated with arbitration, a less formal process of dispute resolution by an umpire who is neither a generalist judge nor a juror but instead brings to the assignment knowledge of the commercial setting in which the dispute arose." Lefkovitz v. Wagner, 395 F.3d 773, 780 (7th Cir. 2005) (internal citations omitted).

Arbitration is contractual by nature; "a party can be compelled to arbitrate only those matters that she has agreed to submit to arbitration." James v. McDonald's Corp., 417 F.3d 672, 677 (7th Cir. 2005) (citing First Options of Chicago Inc. v. Kaplan, 514 U.S. 938, 945 (1995)); see Gibson v. Neighborhood Health Clinics, Inc., 121 F.3d 1126, 1130 (7th Cir. 1997)). Federal courts have long approved of arbitration as a legitimate form of dispute resolution. See Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673 (7th Cir. 1983).

The Supreme Court and the Seventh Circuit have both indicated very clearly that where a contract contains a valid arbitration clause, disputes like the one in this case usually belong in front of an arbitrator, not a district court. "[T]here is a presumption of arbitrability that may only be overcome by 'forceful evidence' of an intent to exclude the claim." Oil, Chemical & Atomic Workers Int'l Union, Local 7-1 v. Amoco Oil Co., 883 F.2d 581, 587 (7th Cir. 1989) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 585 (1960)); see also Local 75 v. Schreiber Foods, Inc., 213 F.3d 376, 380-81 (7th Cir. 2000) (quoting Warrior, 363

4

U.S. at 585). There is therefore a strong presumption in favor of arbitrability in this case.

### 2. *The CBA's Arbitration Clause*

As a preliminary matter, the court notes that the overarching issue in this case is the proper venue, not jurisdiction, of this action. While the court has jurisdiction over this case, the Northern District of Illinois is an inappropriate venue. See Continental Ins. Co., 354 F.3d at 608 (district court has wide discretion to dismiss a case for improper venue if the decision is in conformity with established legal principles and, in terms of the court's application of those principles to the facts of the case, is within the range of options from which a reasonable trial judge would select).

The court notes, however, that the arbitration clause at issue in the CBA contains permissive language. "[A]ny grievance which remains unsettled after having been fully processed . . . *may be submitted to arbitration.* . . ." Compl., Ex. A, p. 20. (italics added). The existence of this language, however, cannot defeat the strong presumption in favor of arbitrability. "The use of the permissive 'may' is not sufficient to overcome the presumption that parties are not free to avoid the contract's arbitration procedures." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 204 n.1 (1985).

The parties clearly "'have a contract that provides for arbitration of some issues between them.'" See County of McHenry v. Ins. Co. of the West, 438 F.3d 813, 821 (7th Cir. 2006) (quoting Miller v. Flume, 139 F.3d 1130, 1136 (7th Cir. 1998)). Any questions "'concerning the scope of the arbitration clause are resolved in favor of arbitration.'" Id. The court therefore determines that the arbitration clause applies to the dispute in this case, which stems from the interpretation or application of the CBA between Plaintiffs and Vanguard, as to the amount

Vanguard must contribute to the employees benefit fund. The proper venue for this dispute is thus arbitration, not the Northern District of Illinois.

This result "makes eminent sense. . . in terms of our precedent." Continental Gas Co., 417 F.3d at 733. At the time the parties signed the CBA, they opted to "trade the formalities of the judicial process for the expertise and expedition associated with arbitration." See Lefkovitz, 395 F.3d at 780. There are no ambiguities in the CBA, and the arbitration clause is expressly stated in plain language. See In re Comdisco, Inc., 434 F.3d 963, 967 (7th Cir. 2006). Therefore, because the parties have previously agreed to arbitration, they should not now be allowed to turn their back on that agreement, in favor of litigation in the federal court. See id.

### III. CONCLUSION

For the foregoing reasons, the court, *sua sponte*, dismisses the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: 11-29-06